```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 15-22588-Civ-GAYLES
                              MAGISTRATE JUDGE P. A. WHITE

BEJHORN KIDD,                 :

     Petitioner,              :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
JULIE L. JONES,               :

     Respondent.              :
_____
```

## I. Introduction

Bejhorn Kidd, who is presently confined at Jackson Correctional Institution in Malone, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction in case number F06-33745A from the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause was referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the amended petition for writ of habeas corpus, the Respondent's response to an order to show cause with appendix of exhibits and the petitioner's reply.

## II. Procedural History

The petitioner was charged by indictment with home invasion robbery, four counts of kidnaping with a firearm, and two counts of aggravated child abuse. (DE# 11-2, p. 2-30). All of the charges arose as the result of a home invasion robbery that occurred on

October 6, 2006. (DE# 11-2, p. 2-30). At the conclusion of the second trial[1], the jury found the petitioner guilty of all charges. (DE# 11-3, p. 59-66). The petitioner was adjudicated guilty and sentenced to 35 years imprisonment, with a ten year minimum mandatory sentence on the robbery and kidnaping counts. A sentence of 15 years was imposed on the two counts of aggravated child abuse. (DE# 11-2, p. 68-71; DE# 11-3, p. 2-6).

Petitioner appealed his conviction to the Third District Court of Appeal. (DE# 11-3, p. 8). He argued that the trial court erred by allowing two peremptory challenges to African-American venire members and in denying his motion for judgment of acquittal on one of the aggravated child abuse counts. (DE# 11-3, p. 10-40). The Third District per curiam affirmed the conviction on March 13, 2013. See Kidd v. State, 109 So. 3d 1166 (Fla. 3d DCA 2013). There was no further direct review.

On May 3, 2014 the petitioner filed a motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The motion was denied on June 3, 2014, there was no appeal.

On June 29, 2014 the petitioner, through counsel, filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (DE# 11-3, p. 83-103). He raised four claims of ineffective assistance of counsel. The trial court granted an evidentiary hearing which was conducted on August 13, 2014. (DE# 11-4, p. 2-79). The motion was denied on September 2, 2014. (DE# 11-3, p. 107-115).

The petitioner appealed challenging the denial of two of the

---

[1]The petitioner's first trial ended in a mistrial.

2

four claims raised. (DE# 11-3, p. 119-138). The Third District affirmed the denial of those claims. Kidd v. State, No. 3D14-2386, 2015 WL 3613464 (Fla. 3d DCA June 10, 2015). The petitioner's motion for rehearing was denied and mandate issued on July 17, 2015. (DE# 11-3, p. 1161-166).

The instant petition was filed on July 2, 2015. The petitioner raises four claims of ineffective assistance of counsel and two claims of trial error. These are the same claims raised on direct appeal and in the post conviction proceedings.

### III. Statute of Limitations

The state contends that the petition is untimely and subject to dismissal. As will be discussed *infra*, the state's contention is well taken as the petition is subject to dismissal as untimely.

A one-year statute of limitations applies to petitions for writ of habeas corpus filed by State prisoners. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

The Supreme Court has held that the one-year limitations period is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631(2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

As indicated above, a petitioner" is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace, 544 U.S. at 418, 125 S.Ct. 1807 (emphasis deleted).

The petitioner's direct appeal concluded on March 13, 2013 when the Third District Court of Appeal affirmed his conviction and sentence. His conviction became final ninety days later, on June 11, 2013, when the time for filing a petition for writ of certiorari with the United States Supreme Court expired. See U.S.Sup.Ct.Rule 13; See Jackson v. Sec'y for Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (conviction final at end of 90 day period for seeking certiorari with U.S. Supreme Court). The instant petition was filed on July 2, 2015, more than two years after the conviction became final. Since the petitioner failed to file within one year of the date his conviction became final the petition is untimely unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. § 2244(d)(2).

The petitioner filed a motion for mitigation of sentence

pursuant to Florida Rule of Criminal Procedure 3.800(c), on May 3, 2014. The motion was denied on June 3, 2014. This motion had no tolling effect. See Baker v. McNeil, 439 Fed. Appx. 786 (11th Cir. 2011)(holding that motion to modify sentence under Rule 3.800(c) does not toll limitations period)[2]. Thus, the limitations period continued to run during the pendency of this motion.

On June 26, 2015, the petitioner filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. This motion was filed one year and fifteen days after his conviction became final and therefore had no tolling effect. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(petition for relief in state court filed after the federal limitations period has expired cannot toll the period because nothing remains to be tolled).

In his reply to the state's response the petitioner argues that his petition was filed within the one year limitations period. In support of this argument he contends that the time for filing a petition for certiorari review in the United States Supreme Court did not commence until the time for filing a motion for rehearing in the state appellate court expired. He relies upon Florida Rule of Appellate Procedure 9.330(a) which allows 15 days for the filing of a motion for rehearing. Under the petitioner's interpretation of the limitations period, the 90 day period for filing a petition for certiorari review did not commence until March 28, 2013. He contends that he had until June 28, 2013 to file for certiorari review, thus according to the petitioner, his June 26, 2014 state motion for post conviction relief tolled the limitations period.

---

[2] This unpublished decision is cited as persuasive authority on analogous facts.

Contrary to the petitioner's assertions, the time for filing the petition for certiorari review commenced on the date the state appellate court issued is opinion on March 13, 2013. See U.S.Sup.Ct.Rule 13 (providing that "time to file petition for writ of certiorari runs from date of entry of judgment or order sought to be reviewed and not from the issuance date of the mandate"). Rule 13 further provides that "if a petition for rehearing is timely filed in the lower court . . . the time to file the petition for writ of certiorari . . . runs form the date of denial of rehearing or, if rehearing is granted, the subsequent entry of judgement. Id. In the instant case there was no motion for rehearing, thus the time for filing a petition for certiorari commenced on the date the judgment was entered on March 13, 2013 and expired ninety days later on June 11, 2013. Therefore, the instant petition is untimely as it was filed more than one year after the petitioner's conviction became final.

Equitable Tolling

The petitioner has made no argument that he is entitled to equitable tolling. Since there has been no showing of extraordinary circumstances or that he diligently pursued these claims in a timely manner the petitioner is not entitled to equitable tolling. It is noted that the petitioner's erroneous calculation of the limitations period is not an extraordinary circumstance meriting equitable tolling. See e.g., Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001).

### IV. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must

6

state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as time barred, that no Certificate of Appealability issue and the case be closed.

Objections to this report may be filed with the District Judge

within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Bejhorn Kidd, pro se
    DOC# M76452
    Jackson Correctional Institution
    Inmate Mail/Parcels
    5563 10th Street
    Malone, FL 32445

    Michael W. Mervine
    Office of the Attorney General
    Department of Legal Affairs
    444 Brickell Avenue, Suite 650
    Miami, FL 33131