UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-22588-CIV-GAYLES/WHITE

**BEJHORN KIDD**,

    Petitioner,

vs.

**JULIE L. JONES**,

    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS MATTER** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 16] entered on May 9, 2016. Petitioner Bejhorn Kidd filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 2, 2015. [ECF No. 1]. The matter was referred to Judge White, pursuant to Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. Judge White's Report recommends that the Court dismiss this petition as time barred, that no Certificate of Appealability issue, and that the case be closed. [ECF No. 16 at 7]. Petitioner filed his Objections to Report and Recommendation and Request for Certificate of Appealability [ECF No. 19] on June 21, 2016, in which he incorporates the arguments from his Reply to Respondent's Response to Petition for Writ of Habeas Corpus [ECF No. 15]. As Petitioner's objections were timely filed, the Court now addresses his claims.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). The Court has made a *de novo*

review of the record, including the Report, Petitioner's objections, the Amended Petition [ECF No. 7], and the relevant legal authority, and hereby overrules Petitioner's objections.

This Court agrees with the analysis and recommendations stated in Judge White's Report. A one-year statute of limitations applies to petitions for writ of habeas corpus filed by State prisoners. 28 U.S.C. § 2244(d)(1). The limitations period begins to run on the date on which the judgment becomes final after direct appeal or after expiration of the time for such review. *Id.* § 2244(d)(1)(A). Equitable tolling of the limitations period applies where a litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Petitioner's conviction became final on June 11, 2013, and the instant petition was not filed until more than two years afterwards on July 2, 2015. [ECF No. 15 at 4–5]. As noted by Judge White, Petitioner's post-conviction motions had no tolling effect on the applicable limitations period. Because Petitioner has failed to demonstrate that extraordinary circumstances entitle him to equitable tolling of the limitations period, the petition here is time barred under 28 U.S.C. § 2244(d)(1). Similarly, Petitioner's request for a Certificate of Appealability is denied because he has not "made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The Court agrees with and fully adopts Judge White's well-reasoned Report, and Petitioner's Objections to Report and Recommendation and Request for Certificate of Appealability [ECF No. 19] is **OVERRULED**. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 16]** is **AFFIRMED AND ADOPTED** as follows:

1. Bejhorn Kidd's Petition **[ECF No. 1]** and Amended Petition **[ECF No. 7]** are **DISMISSED with prejudice**.

    2.    A certificate of appealability shall not issue.

    3.    The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge White
       Counsel of Record